## MARSHWOOD CO. v. JAMIE MILLS, Inc. et al.

Civ. No. 27385.

United States District Court
N. D. Ohio, E. D.
Sept. 12, 1950.

Albert J. Williams, Cleveland, Ohio, for plaintiff.

Vern L. Oldham, Cleveland, Ohio, Albert H. Oldham, Akron, Ohio, Wm. L. Bantz, Barberton, Ohio, for defendants.

JONES, Chief Judge.

This is an unfair competition action in which plaintiff asks for temporary and permanent injunction and damages in the sum of $200,000.

Plaintiff having received permission to take the deposition of defendants, served defendants with a subpoena duces tecum calling for the production of certain business records. Defendants moved for an order limiting the scope of the subpoena and in an earlier memorandum, D.C., 10 F.R.D. 386, the Court did limit somewhat the scope of the subpoena.

Defendants now move for reconsideration of the previous order and ask for further limitation of the subpoena. They cite this Court's decision in Knight-Morley v. Electroline Mfg. Co., D.C., 10 F.R.D. 400, as controlling.

In that case discovery of information relative to damages was denied because at the time of the order it did not appear that such information was necessary. In this case, however, it now appears that the computation of damages, if awarded, will not be made at a separate proceeding after the injunction hearing. In such a situation plaintiff must be prepared to present his full case, including evidence on damages, at one hearing. To do this, plaintiff must have the documents requested in the subpoena, or it cannot present an intelligent and accurate picture of its damages.

For this reason the motion will be denied.